**Prele VIDHJA, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–4159–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Charles Christophe, New York, New York, for Petitioner.

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio,

Daniel A. Brown, Assistant United States Attorney, Columbus, Ohio, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDERED**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Prele Vidhja petitions for review of the BIA's 2004 decision affirming an immigration judge's (IJ's) denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ noted that Vidhja's first asylum application was completely inconsistent with his testimony. The IJ was not satis-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

fied with Vidhja's explanation that he was not responsible for the application. Because these inconsistencies went to the heart of his asylum claim, they were "not the sort of 'minor and isolated' discrepancies so plainly immaterial to a persecution claim that no reasonable fact-finder could use them as a basis for an adverse credibility ruling." *Zhou Yun Zhang,* 386 F.3d at 77 (quoting *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000)). In addition, the IJ specifically found Vidhja's testimony confusing and his answers evasive at times. The IJ was uniquely situated to observe Vidhja's testimony and therefore to draw an adverse inference from his responses. *Id.* at 73. Lastly, the IJ properly drew an adverse credibility inference from the fact that Vidhja did not present his uncle to the Court. If further corroboration is required, a specific explanation of why it is reasonable to expect such corroboration and why the proffered explanations for the lack of such corroboration are insufficient is needed. *Diallo,* 232 F.3d at 290. Here, the IJ explicitly noted that the immigration court expected his uncle's testimony, since he lives in the New York area. Therefore, the IJ properly drew an adverse inference.

It is well established that to be eligible for asylum, an alien in Vidhja's situation has the burden of demonstrating that he was subject to past persecution or has a well-founded fear of future persecution on account of political opinion. *See Huang v. INS,* 421 F.3d 125, 128 (2d Cir.2005). *See also INS v. Elias–Zacarias,* 502 U.S. 478, 481–483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), 8 U.S.C. § 1101(a)(42) *and* 8 C.F.R. 208.13(b)(1) and (b)(2)(i)(A). Vidhja argues that he has suffered from past persecution based on his association with the Democratic Party. *Petitioner's Brief* at 15–19. However, Vidhja has failed to establish a sufficient nexus between the threats he received and his past affiliation with that group. There is only one incident in the record that even alludes to persecution on account of political opinion. Turning to the issue of future persecution, the record contains no evidence beyond bare speculation of what Vidhja expects will occur upon his return to Albania.

Based upon the above findings, the IJ also correctly concluded that Vidhja had failed to establish eligibility for withholding of removal or CAT relief.

For the foregoing reasons, Vidhja's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).